J. Clinton GASSETT, a/k/a Jimmy
Jackson, Petitioner,

v.

Charles SCULLY, Superintendent,
Green Haven Prison, Stormville,
New York, Respondent.

No. 83 Civ. 6240 (SWK).

United States District Court,
S.D. New York.

Oct. 22, 1986.

As Amended Oct. 30, 1986.

J. Clinton Gassett, pro se.

Robert Morgenthau, Dist. Atty., New
York County, New York City by Norman
Barclay, Michael H. Warren, for respon-
dent.

## MEMORANDUM OPINION
## AND ORDER

KRAM, District Judge.

Petitioner J. Clinton Gassett has peti-
tioned this Court for a writ of habeas cor-
pus, pursuant to 28 U.S.C. § 2254.[1] He
seeks relief from his conviction for kidnap-
ping and grand larceny in New York State.
Petitioner alleges that the five court-ap-
pointed attorneys who successively repre-
sented him from the time of his arrest
through his trial denied him effective as-
sistance of counsel in violation of his Sixth
Amendment right. Gassett specifically al-
leges that none of those attorneys attempt-
ed to locate or contact two alibi witnesses
whom Gassett claims could have verified
that Gassett was with them at the time of
the kidnapping. Alibi was Gassett's sole
defense at trial. Gassett also alleges that
his fifth attorney, who was first appointed
to represent him on the day of his pre-trial
hearing, was unprepared at both the hear-
ing and the trial, and failed to present a
credible defense throughout his trial.

For the reasons given below, the Court
finds that petitioner's claims lack merit.
His petition is therefore denied.

---

1. Gassett also made a motion requesting ap-
pointment of counsel to represent him in his
habeas petition. The Court reviewed that mo-
tion before determining the merits of this case.
That motion is denied. Counsel is not neces-
sary in order to present Gassett's claims to the
Court. His claims have little likelihood of suc-
cess on the merits, require no substantial factu-
al investigation beyond the record, nor do they
present complex legal issues beyond Gassett's
own apparent ability to present them to the
Court.

## I

Petitioner and an accomplice were found by a jury to have abducted the landlord of the apartment building in which petitioner was residing on West 142nd street in Manhattan on September 6, 1978. They took the landlord's money and personal property, and attempted to hold him for ransom. The victim escaped and petitioner was arrested shortly thereafter. Gassett alleges that, immediately after his arrest, he told counsel assigned to represent him of the identity and location of two alibi witnesses. He also informed his attorney of his intention not to return to court once he was released.

The record does not reveal whether Gassett's attorney immediately attempted to locate the alleged alibi witnesses. Gassett was, however, released on bail several days after his arrest, and did not appear for his next scheduled court appearance. A bench warrant was issued, but Gassett remained at large until July 18, 1979. After his second arrest, Gassett told his new counsel of the alibi witnesses, adding that they had moved away shortly after he was first arrested and that he had no information as to their present whereabouts. His new counsel requested an investigator to attempt to locate these witnesses, but the investigation was unsuccessful. Gassett subsequently requested the removal of this attorney, and of a third attorney as well.

His fourth attorney raised the issue that Gassett's right to a speedy trial, pursuant to New York Criminal Procedure Law (CPL) § 30.30, had been violated because more than six months had passed between his failure to appear in court and his recapture. Section 30.30(4)(c) places the burden on the State to prove that a defendant whose location is unknown is attempting to avoid prosecution and that the State has used "due diligence" to locate him.

By the date of the hearing on the speedy trial issue Gassett had requested the dismissal of his fourth attorney, and was assigned his fifth attorney for the hearing.

At the hearing, the court heard the prosecution's evidence that the State had satisfied the "due diligence" requirement of CPL § 30.30(4)(c). Police officers testified that after determining that Gassett had not returned to the address he gave police at the time of his arrest, they had visited the apartment building of Gassett's common law wife three times. They had shown his picture to the building superintendent (who claimed that she did not recognize Gassett), and knocked on the apartment door, which no one had answered. The trial court held that the police officers had exercised due diligence and that Gassett's right to a speedy trial had not been violated.

Gassett's trial immediately followed this hearing. Throughout the trial, Gassett repeatedly requested that his fifth attorney also be replaced. The trial judge denied Gassett's request on the grounds that the current counsel was competent, and that it was too late in the proceeding to appoint yet another attorney.[2] After Gassett's conviction he was sentenced to from fifteen years to life for kidnapping, and to no more than three years for grand larceny. Gassett appealed his conviction to the New York Appellate Division, First Department, but moved on January 13, 1982 to have his appeal held in abeyance, pending his filing a CPL 440.10 motion to vacate judgment on the ground that all of his counsel had been ineffective. That motion was denied on the merits on September 28, 1982 and petitioner resumed his direct appeal, raising the ineffective assistance of counsel and speedy trial claims, as well as a claim that the length of his sentence constituted cruel and unusual punishment.

His conviction was affirmed, and leave to appeal to the New York Court of Appeals was denied on April 11, 1983. Petitioner subsequently filed this petition, again arguing that his conviction resulted from ineffective assistance of counsel.

## II

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),

---

2. It should be noted here that Gassett's conduct throughout his trial was such that the trial court was forced to have him removed from the courtroom through much of the trial.

the Supreme Court established a two-prong standard by which to evaluate an ineffective assistance of trial counsel claim. First, counsel must have made an error that could not be in the realm of reasonable professional competence; and second, that the error must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable". 466 U.S. at 687, 104 S.Ct. at 2064. The Court finds the record in this case devoid of any evidence that would give rise to an ineffective assistance of counsel claim. The conduct of Gassett's successive counsel more than satisfied the *Strickland* standard.

 Petitioner's allegations focus on two areas: the alleged failure of all of his attorneys to attempt to locate his alibi witnesses, and the performance of the attorney who represented him at the pre-trial hearing and trial. Petitioner's first allegation is, however, directly contradicted by the record.[3] The trial record clearly reflects efforts, both prior to and during the trial, to locate these alleged and elusive witnesses. Gassett's attorney informed the trial court that investigators had attempted to locate the witnesses. The trial judge at one point assured Gassett of her willingness to subpoena these witnesses should they be located, and even asked the prosecution to assist in continuing to seek information as to their whereabouts.

Since Gassett himself concedes that the alleged alibi witnesses moved immediately after his initial arrest, it is not difficult to conclude that reasonable efforts to find such witnesses could fail. The inability of counsel to produce these witnesses, assuming that they existed, in no way rendered them ineffective.

 Regarding Gassett's claim that his counsel failed to call witnesses at his speedy trial hearing to prove that Gassett

had been living openly in the apartment of his common-law wife while he was at-large, the prosecution never denied that Gassett resided in the building before he was recaptured. Gassett's counsel would have achieved little by seeking testimony from tenants that Gassett had indeed, as the prosecution had already acknowledged, lived in the apartment of his common-law wife when he was at-large.

 The record also reveals that although Gassett's trial attorney had little time to prepare before trial, his performance throughout the trial well exceeded the standard for effective assistance of counsel. The court finds no reason to disagree with the trial judge's finding at petitioner's CPL 440.10 hearing that Gassett's trial counsel had been highly competent.[4]

The Court finds petitioner's claims in his petition without merit. The petition is therefore denied and dismissed.

SO ORDERED.

3. In addition, Gassett himself acknowledges in his *pro se* papers that his second attorney arranged for an investigator to locate his witnesses.

4. The Court is not, however, bound by the trial court's conclusion. As the Supreme Court pointed out in *Strickland v. Washington,* 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "A state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d)." Performance of counsel in an ineffective assistance claim is a mixed question of law and fact.